**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**MARKETING SERVICES, INC.,**                               **PLAINTIFF,**

**VS.**                                    **CIVIL ACTION NO. 4:02CV272-P-A**

**ADANI EXPORTS, LTD. and
ABU DHABI COMMERCIAL BANK,**                            **DEFENDANTS.**

## MEMORANDUM OPINION

These matters come before the court upon Abu Dhabi Commercial Bank's Renewed Motion to Dismiss or in the Alternative for Judgment on the Pleadings [87-1], Adani Exports, Ltd.'s Motion to Dismiss or Alternatively for Summary Judgment [88-1], Market Services, Inc.'s Motion for Preliminary Injunction [93-1], Abu Dhabi Commercial Bank's Motion for Summary Judgment On its Cross-claim Against Adani Exports, Ltd. [95-1], and Abu Dhabi Commercial Bank's Motion for Summary Judgment Against Marketing Services, Inc. [96-1]. Upon due consideration of all of the aforementioned motions and the responses filed thereto the court is prepared to rule.

The undisputed dispositive fact relating to all of the instant motions is the Mississippi choice-of-law provision contained in the April 25, 2001 Contract For Sale of Cotton between Marketing Services, Inc. and Adani Exports, Ltd. Paragraph 7 of said contract provides in its entirety:

> The parties hereby stipulate, as evidenced by their respective signatures below, that this contract included services and actions performed in part within the boundaries of the State of Mississippi, United States of America and accordingly the parties agree and stipulate that should any litigation arise out of or occur because of the breach of this contract, both parties agree to submit to the jurisdiction of any State or Federal Court in the

State of Mississippi. For purposes of any such litigation, the parties stipulate that the laws of the State of Mississippi shall apply to all aspects of this contract except to the extent said laws have been modified [sic] superceded or pre-empted by applicable Federal laws and statues of the United States of America.

Despite this clear language contained in a contract only two pages in length, Adani initiated and completed litigation in the Courts of India relating to its allegations that the cotton provided was substandard and that the documents provided by MSI, required by the irrevocable letter of credit, were fraudulent. Adani's suit also sought and obtained an injunction to prevent Abu Dhabi Commercial Bank, incorporated in India, from paying MSI s the agreed-upon price required by the irrevocable letter of credit.

In September 2001, the Civil Court of Ahmedabad, finding fraud on the part of Marketing Services, issued an interim order enjoining Abu Dhabi Commercial Bank from paying out any money to MSI under the letter of credit and further enjoining MSI from accepting payment from Abu Dhabi under the same letter of credit. This interim order was made permanent by the entry of a preliminary injunction on January 23, 2002. Adani and MSI filed appeals to the High Court of Gujarat, India. While the Civil Court of Ahmedabad's findings of issues of fraud were waiting to be heard on appeal, MSI filed the instant action against Adani seeking damages for wrongful refusal to pay pursuant to the letter of credit, breach of contract and fraud and against Abu Dhabi seeking a mandatory injunction requiring Abu Dhabi to pay MSI under the letter of credit.

On February 8, 2005, Honorable Justice K.S. Jhaveri of the High Court of Gujarat entered an Order and Judgment on the issues appealed by Adani and MSI. He found that the Civil Court of Ahmedabad was proper in finding that certain acts of fraud had been committed by MSI and that it was proper to permanently enjoin and restrain Abu Dhabi from paying MSI, and enjoining

and restraining MSI from receiving payment, on the letter of credit.

It is the position of Adani and Abu Dhabi that the High Court of Gujarat's Order and Judgment be given conclusive effect by the undersigned, thereby rendering the plaintiff's case largely moot.

Suffice it to say that any litigation activity conducted by Adani or MSI in the honorable Courts of India, and any rulings made by the Courts of India have no binding effect on either this court or this case simply because Adani and MSI agreed to litigate any issues arising out of their Contract for Sale of Cotton in the courts of Mississippi using Mississippi law and federal law where applicable. Adani clearly breached that agreement by litigating in the Courts of India against Abu Dhabi Commercial Bank and MSI.

While it is true that Abu Dhabi was not a party to the contract, Adani's breach of its contract with MSI by filing suit against MSI and Abu Dhabi caused Abu Dhabi to find itself between the proverbial rock and a hard place. The rock is the Indian Court's Order enjoining Abu Dhabi from paying MSI under the irrevocable letter of credit. The hard place is Abu Dhabi's current peril being commanded to do that very thing by this court of the United States. If at the end of the instant litigation the latter occurs, then Abu Dhabi will have to look to Adani for indemnification. Similarly, this court gives no effect to the Indian Court's injunction prohibiting MSI receiving any money under the irrevocable letter of credit since Adani's Indian litigation was prohibited by its own agreement.

While there was almost no discussion of the Mississippi choice-of-law provision in the briefs filed with this court, much ado was made about international comity. This case, however, does not involve public international issues. Neither does it involve relations with or respect

between the courts of the United States and India. Rather, this case concerns a simple contractual dispute between two businesses from different countries who agreed to litigate all issues arising from their contract in the courts of a certain territory – in this case, in the courts of Mississippi using Mississippi law and/or United States federal law where applicable. Indeed, by upholding this choice-of-law provision, this court will be encouraging trade between India and the United States by respecting and enforcing the contracts entered into by their citizens.

For the reasons discussed above, the court concludes that Abu Dhabi Commercial Bank's Renewed Motion to Dismiss or in the Alternative for Judgment on the Pleadings [87-1], Adani Exports, Ltd.'s Motion to Dismiss or Alternatively for Summary Judgment [88-1], and Abu Dhabi Commercial Bank's Motion for Summary Judgment Against Marketing Services, Inc. [96-1] should be denied.

Abu Dhabi Commercial Bank's Motion for Summary Judgment On its Cross-claim Against Adani Exports, Ltd. [95-1] should be denied as premature. Abu Dhabi may refile this motion in the event the plaintiff's case proves successful.

Due to the Mississippi choice-of-law provision, Market Services, Inc.'s Motion for Preliminary Injunction [93-1] should be granted. The court is aware, however, that Adani's litigation in the Courts of India has been completed. Nevertheless, this court enjoins Adani from pursuing further recourse from the Courts of India regarding any issue related to or arising from the subject contract – *e.g.*, enforcement of the injunction preventing Abu Dhabi from paying MSI under the irrevocable letter of credit.

Pursuant to Federal Rule of Civil Procedure 65, the four factors to be considered prior to the award of a preliminary injunction are (1) whether there is a substantial likelihood that the

plaintiff will prevail on the merits; (2) whether there is a substantial threat that the plaintiff will suffer irreparable injury if interlocutory injunctive relief is not granted; (3) whether the threatened injury to the plaintiff outweighs the threatened harm the injunction may do to the defendants; and (4) whether the granting of a preliminary injunction disserves the public interest. *Buchanan v. U.S. Postal Service*, 508 F.2d 259, 266 (5th Cir. 1975).

However, where a plaintiff seeks to enjoin a defendant from pursuing litigation in a foreign court, "the suitability of such relief depends on considerations unique to antisuit injunctions." *Karaha Bodas Co., L.L.C. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 335 F.3d 357, 364 (5th Cir. 2003). The plaintiff correctly points out that the Fifth Circuit opined in *Karaha Bodas Co.* that the traditional preliminary injunction test is relevant only to the extent that the plaintiff must show a likelihood of success on the merits of its argument that the factors specific to an antisuit injunction weigh in favor of granting that injunction in the case before the court. *Id*. at n. 19. Here, it is readily established that the plaintiff has a substantial likelihood of success with its argument that the applicable contract between Marketing Services and Adani contained a Mississippi choice-of-law provision which disallows Adani's suit in India given that said suit arose out of the subject contract.

It is well established that this court has "the power to enjoin persons subject to [its] jurisdiction from prosecuting foreign suits. *Kaepa, Inc. v. Achilles Corp*. 76 F.3d 624, 626 (5th Cir. 1996). The Fifth Circuit provided the following test determine whether a foreign suit should be enjoined:

> When a preliminary injunction takes the form of a foreign antisuit injunction, we are required to balance domestic judicial interests against concerns of international comity. In assessing whether an injunction is necessary, we

5

weigh the need to "prevent vexatious or oppressive litigation" and to "protect the court's jurisdiction" against the need to defer to principles of international comity. We have noted, however, that notions of comity do not wholly dominate our analysis to the exclusion of these other concerns.

*Karaha Bodas Co., L.L.C*., 335 F.3d. at 366. Here, the interest of domestic judicial interest clearly outweigh concerns of international comity, primarily because the instant suit does not involve any public international issue. Rather, the instant cases arise from a common cotton sale contract.

Thus, the court concludes that a preliminary injunction should be granted to prevent further action by the defendants in the pending litigation in India intimately related to the subject cotton deal. Furthermore, given the circumstances, the court concludes that no security bond is necessary.[1]

Accordingly, and Order shall issue forthwith, **THIS DAY** of June 28, 2005.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE

---

[1] The Fifth Circuit wrote that "[i]n holding that the amount of security required pursuant to Rule 65(c) 'is a matter for the discretion of the trial court,' we have ruled that the court 'may elect to require no security at all.'" *Kaepa, Inc.*, 76 F.3d at 628 (internal citations omitted).