**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**MARKETING SERVICES, INC.**                                    **PLAINTIFF**

**VS.**                                                         **CAUSE NO.: 4:02CV272-P-A**

**ADANI EXPORTS, LTD. AND**
**ABU DHABI COMMERCIAL BANK**                              **DEFENDANTS**.

**ORDER**

This matter comes before the court upon Marketing Services, Inc.'s Motion for Contempt against Defendant Adani Exports, Ltd.[118-1]. Upon due consideration of the motion, the response filed thereto (albeit filed almost two months late), the court's September 20, 2005 show- cause Order instructing Defendant Adani Exports, Ltd. to show cause why it should not be found in civil contempt and sanctioned therefor, and after a hearing held on October 25, 2005 regarding same, the court finds as follows, to-wit:

As stated in its ruling during the October 25, 2005 show-cause hearing, the court concludes that the plaintiff's motion should be granted. Regardless of whether Adani Exports, Ltd. agrees with the rationale underlying the court's Memorandum Opinion and Order entered June 29, 2005 in which the court *inter alia* granted the plaintiff's motion for preliminary injunction – said Order being the subject of an interlocutory appeal currently pending before the Fifth Circuit Court of Appeals – it is readily apparent that Adani Exports, Ltd. violated the terms of the injunction by continuing its litigation in the Honorable Courts of India arising from the purported sale of cotton between Marketing Services, Inc. and Adani Exports, Ltd. and by not dismissing same.

More specifically, it is undisputed that on June 29, 2005 this court enjoined Adani "from

1

continuing its litigation currently pending, or any future litigation, before the courts of India involving the plaintiff, Defendant Abu Dhabi Commercial Bank, and/or the subject Contract for Sale of Cotton No. IN-12987. This injunction shall be in full force until final resolution of the merits of the present case. Violation of this injunction shall subject Defendant Adani Exports, Inc. to the full array of sanctions afforded to the undersigned by the laws and treaties of the United States." Furthermore, as stated in its findings in the same June 29, 2005 Order, the court wrote "that a preliminary injunction should be granted to prevent further action by the defendants in the pending litigation in India intimately related to the subject cotton deal."

Despite Adani's arguments to the contrary, which are wholly unsupported by binding authority, the record clearly demonstrates that Adani violated this court's order and therefore, the court finds that Adani is in civil contempt.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Marketing Services, Inc.'s Motion for Contempt against Defendant Adani Exports, Ltd.[118-1] is hereby **GRANTED**; accordingly,

(2) Defendant Adani Exports, Ltd. is found in **CIVIL CONTEMPT** of this court;

(3) Defendant Adani Exports, Ltd. shall be sanctioned $1000.00 USD per day from October 26, 2005 and each day thereafter for a total of 30 days (*i.e.*, November 24, 2005) until it dismisses all litigation arising from or connected to the contract for the sale of cotton entered into between Adani Exports, Ltd. and Marketing Services, Inc., Contract for Sale of Cotton No. IN-12987, now pending in the Honorable Courts of India;

(4) Defendant Adani Exports, Ltd. shall tender to the Clerk of Court for the United States District Court for the Northern District of Mississippi the total amount of monetary sanctions

referenced above on or before November 25, 2005; and

(5) In the event Defendant Adani Exports, Ltd. does not dismiss all of the litigation in the Honorable Courts of India referenced above by November 24, 2005, this court shall instruct the United States Attorney's Office to institute criminal contempt proceedings against Adani Exports, Ltd.

**SO ORDERED** this the 25th day of October, A.D., 2005.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE